(No. 11776.—Decree affirmed.)

MERCY HOSPITAL AND MERCY ORPHAN ASYLUM OF CHI-
CAGO, Appellee, *vs.* THE BOARD OF EDUCATION OF DIS-
TRICT No. 87 *et al.*—(WILLIAM SIMPSON *et al.* Appel-
lants.)

*Opinion filed December 19, 1917.*

PARTITION—*when intervening petitioners are barred by Statute
of Limitations.* In a suit for partition among devisees under a will,
intervening petitioners who claim one-half of the devise as descend-
ants of an alleged joint heir with the testator are barred by the
Statute of Limitations, where the evidence shows that for longer
than the statutory period the testator was in open, notorious and
adverse possession of the real estate in question, claiming title as
sole heir with the knowledge of the alleged joint heir, who recog-
nized such claim by an instrument under seal, duly acknowledged
by him and his wife.

APPEAL from the Superior Court of Cook county; the
Hon. CHARLES M. FOELL, Judge, presiding.

W. H. FAHEY, and FRANK G. PLAIN, for appellants.

RICHARD W. CLIFFORD, for appellee.

JOHN A. RUSSELL, and EUGENE CLIFFORD, for the
Board of Education.

Mr. JUSTICE COOKE delivered the opinion of the court:

Charles H. Haines, a bachelor, died testate in Kane
county, Illinois, July 24, 1914, leaving surviving him his
mother, Harriet S. Haines, as his sole heir-at-law. He de-
vised and bequeathed to his mother the income from all
of his estate during her lifetime, and devised two-thirds of
the remainder of his estate, both real and personal, to ap-
pellee, the Mercy Hospital and Mercy Orphan Asylum of
Chicago, and the remaining one-third to the trustees of
schools of district No. 87 in the township of St. Charles,
Kane county, for the benefit of the public schools of that
district. He died seized of real estate situated in Kane

and Cook counties, which he had inherited from his father, Robert J. Haines, who died intestate December 6, 1885. Harriet S. Haines died March 22, 1915, and thereafter appellee, the Mercy Hospital and Mercy Orphan Asylum of Chicago, filed its bill in the superior court of Cook county for the partition of all the real estate of which Charles H. Haines died seized, making the Board of Education of District No. 87 of Kane county, and the school trustees of township No. 40, north, range 8, east, of Kane county, and others, defendants. Appellants, William Simpson and others, being the descendants of Robert J. Simpson, deceased, were not made defendants but filed an answer to the bill and an intervening petition, setting up that their ancestor, Robert J. Simpson, who died intestate November 20, 1900, was a son of Robert J. Haines, deceased, and a brother of the half blood of Charles H. Haines, and inherited jointly with him all the property of said Robert J. Haines. The intervening petitioners claimed to be the owners of an undivided one-half of the real estate and asked to have partition made accordingly, and prayed for an accounting of the rents, issues and profits of the property since the death of Robert J. Haines. The cause was referred to the master in chancery to take the proof and report the same, together with his findings of fact and law. The master reported, finding that all the allegations contained in the original bill were true and that the rights and interests of all the parties in interest were correctly set forth in the bill; that Charles H. Haines died seized of an estate in fee simple in the real estate in question, and that the claims of the heirs of Robert J. Simpson were without merit or equity and were not sustained by the evidence, and recommended that the land be partitioned according to the prayer of the original bill. Exceptions to the master's report were overruled, the intervening petition was dismissed and a decree was entered as prayed in the original bill. The interest devised to the trustees of schools of district No. 87 in

the township of St. Charles was decreed to be in the Board of Education of District No. 87 of Kane county. This appeal has been perfected from that decree.

Robert J. Haines married Harriet Strocker in Maryland in 1841 and located in St. Charles township, in Kane county, Illinois, in 1843, where he resided until the time of his death. It is contended on the part of appellants that previous to this marriage he was married to Jeannette Tomlinson; that one son, Robert J., was born as the issue of this marriage; that Robert J. Haines and his first wife, shortly after the birth of this son, were divorced and the wife retained custody of the child; that she thereafter married a man by the name of Simpson, and that the child, Robert, was thereafter known as Robert J. Simpson. Jeannette Simpson resided in the dominion of Canada until about 1870, when she moved to the State of Michigan, where she died in the year 1899. The only proof attempted to be made of the parentage of Robert J. Simpson consisted of statements claimed to have been made by Robert J. Haines and Jeannette Simpson in their lifetime. From a consideration of all the evidence having any bearing upon the parentage of Robert J. Simpson, we find that the master was warranted in arriving at his conclusion that Robert J. Simpson was not the son of Robert J. Haines, and that this conclusion is supported by the weight of the evidence. It is unnecessary in this opinion to review the testimony offered on this question, as appellants are not entitled to the relief sought even conceding that their contention that Robert J. Simpson was a son of Robert J. Haines is true. Immediately after the death of Robert J. Haines, in December, 1885, Charles H. Haines was appointed administrator of his estate. He made the proof of death and on oath stated that he was the only child and the sole heir-at-law of Robert J. Haines. This affidavit was filed in the probate court of Kane county and was a public document. Under this claim to be the sole owner of the real estate of

which his father died seized, subject to the rights of his mother therein, Charles H. Haines took possession of the real estate, and the master found, and the court decreed, that from the death of Robert J. Haines, in December, 1885, to the time of his own death, on July 24, 1914, Charles H. Haines had been in the open, notorious and adverse possession of all the real estate in question under claim of ownership except as to the rights of his mother therein. At the time of the death of Robert J. Haines, and for more than a year thereafter, Robert J. Simpson was residing in DeKalb county, Illinois, and was aware of the death of Robert J. Haines and of the situation relative to his estate.

On December 13, 1886, Robert J. Simpson and his wife, by an instrument under seal and properly acknowledged, conveyed and released to Charles H. Haines all claim or interest in the estate of Robert J. Haines or in any property of which he died seized. This instrument referred to Robert J. Simpson and his wife as parties of the first part and Charles H. Haines as party of the second part, and recited "that certain claims are set up by said first party in and to the estate and property of one Robert J. Haines, late of said Kane county, deceased, which claims are denied by said second party, and in order to settle, compromise and adjust all matters of claim, title and interest which said party of the first part make or claim to have in said estate, and forever to put an end and beyond all controversy, now or hereafter, any such claims and pretensions of said first party," the first party grants, bargains, sells, remises and releases all interest in the property of which Robert J. Haines died seized, "and hereby do grant a full, complete and absolute discharge and acquittance to the said party of the second part, sole heir of the estate of said Robert J. Haines, of all such pretended claims, interests and titles." What the controversy was between Charles H. Haines and Robert J. Simpson or what interest the latter was claiming in the estate of Robert J. Haines does not appear from this

instrument or elsewhere in the record. The instrument does disclose that there was a controversy which was settled at that time, and it appears aside from the instrument that the consideration paid was the transfer by Charles H. Haines of 160 acres of land in the State of Iowa to Robert J. Simpson and wife during their lifetime, and at the death of the survivor to their children. This conveyance and release to Charles H. Haines was executed and delivered about a year after Charles H. Haines had been appointed administrator of his father's estate and had filed his sworn statement in the probate court that he was the sole heir-at-law of Robert J. Haines. By this instrument Simpson made the conveyance to Charles H. Haines as the "sole heir of the estate" of Robert J. Haines. This instrument was never recorded and it is not claimed that it constituted color of title. Charles H. Haines, however, was in possession of the real estate in question from December, 1885, until his death, in 1914, claiming to own the same, and his possession was of that character which constituted it open, notorious and adverse to all the world. During all this time he paid all the taxes levied upon the property and exercised every right of ownership over it. By the conveyance itself it is clearly shown that Robert J. Simpson and Charles H. Haines were negotiating at arm's length and that Haines was denying such claims as Simpson was making. By it Simpson recognized Charles H. Haines as the sole heir-at-law of Robert J. Haines. Charles H. Haines could not have made his claim that he owned this land and possessed it adversely to Robert J. Simpson more clear and emphatic than was done by this instrument and by the sworn statement which he filed in the probate court of Kane county. Had Robert J. Simpson desired to assert his claim to this property it was incumbent upon him to do so before the Statute of Limitations had run against him. During fourteen years of this time his mother was living, and proof might easily have been made of her marriage to Robert J.

Haines had it ever occurred. Appellants are now barred from questioning the title of Charles H. Haines to this real estate.

It is insisted that a confidential relation existed between Charles H. Haines and Robert J. Simpson, and therefore the burden was upon appellee to show that the conveyance from Robert J. Simpson to Charles H. Haines was fair and made for an adequate consideration. There is no basis for the contention that a confidential relation existed between them.

The decree of the superior court is affirmed.

*Decree affirmed.*